UNITED STATES of America, Appellee,

v.

Victor DeLEON, Defendant-Appellant.

No. 1420, Docket 77–1211.

United States Court of Appeals, Second Circuit.

Argued July 20, 1977.

Decided Aug. 12, 1977.

Steven Lloyd Barrett, The Legal Aid Society, Federal Defender Services Unit, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for defendant-appellant.

Richard F. Lawler, Asst. U. S. Atty., Southern District of New York, New York

City (Robert B. Fiske, Jr., U. S. Atty., Robert J. Jossen, Asst. U. S. Atty., Southern District of New York, New York City, of counsel), for appellee.

Before MESKILL, Circuit Judge, NEAHER * and COFFRIN **, District Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York, Lloyd MacMahon, J. After his motion to suppress certain evidence was denied, appellant pled guilty to possessing and dealing in counterfeit Federal Reserve Notes, in violation of 18 U.S.C. §§ 472, 473, and was sentenced to two years probation. However, he preserved his right to appeal from the denial of the motion. See United States v. Burke, 517 F.2d 377, 379 (2d Cir. 1975).

The facts are uncomplicated and substantially undisputed. In December, 1976, a customer entered a store managed by George Morales at 101st Street and Broadway, in New York City. He attempted to buy an item costing $8.10 with a $50 bill. Morales examined the bill and refused to accept it, explaining that he thought it was counterfeit. He also showed it to a co-worker, Rosie Martinez, who reached the same conclusion. The customer then left.

A short while later, the customer returned with a companion. Again, he attempted to pass the $50 bill. When Morales still refused to accept it, the companion attempted to assure him that the bill was good, and he claimed that it had just been received from a check cashing agency. Morales remained adamant, however, and the two men left. Morales saw them enter a blue Plymouth Roadrunner automobile, which he later described to police as "jacked up" in the back, with a white racing stripe and driven by a third person. Morales then had Martinez call the police.

When the police arrived minutes later, Morales described the suspects as Hispanics in their late teens or early twenties and of medium build. Morales joined the search for the suspects in a yellow taxi cab owned by the police department. Ten blocks south on Broadway, he identified the car, which had two people on it. One of the occupants got out, and the car proceeded slowly and then stopped again.[1]

One of the policemen got out and approached DeLeon, who remained in the car. The policeman displayed his badge and his revolver and asked DeLeon to get out of the car. DeLeon responded by attempting to lock the car door. At that point, the policeman removed DeLeon, and searched him. $270 in counterfeit bills was found in one of DeLeon's pockets. Actually, DeLeon was not one of the two men who entered Morales' store but rather the third member of the team passing the bogus bills.

■ Appellant concedes, as he must, that the search was proper if there was probable cause to arrest him at the time. United States v. Jenkins, 496 F.2d 57, 73 (2d Cir. 1974), cert. denied, 420 U.S. 925, 95 S.Ct. 1119, 43 L.Ed.2d 394 (1975). Probable cause is just what its name implies: "whether at that moment the facts and circumstances within [the policeman's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Judged by this "practical, non-technical" standard, Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed.2d 1879 (1949), the district court found that the police actions in this case were justified.

■ As shopkeepers in New York City, Morales and Martinez would be familiar with genuine $50 bills and might well rec-

---

* Hon. Edward R. Neaher of the Eastern District of New York, sitting by designation.

** Hon. Albert W. Coffrin of the District of Vermont, sitting by designation.

1. While this conduct is somewhat neutral, it is not inconsistent with the practice of disposing of counterfeit money by making individual small purchases in several different stores.

ognize a counterfeit bill. The district judge, who conducted the suppression hearing, was in a better position than we to evaluate Morales' credibility and ability to determine if a bill was counterfeit. Moreover, purchasing inexpensive items with relatively large bills appears to be a common method of passing counterfeit currency. Finally, when the policeman approached the Roadrunner, with his badge displayed, DeLeon attempted to lock the door, indicating consciousness of guilt. While no single piece of information would support a finding of probable cause, consideration of all of the information available to the policeman justified the belief that a crime had been committed. *See United States ex rel. La-Belle v. LaVallee*, 517 F.2d 750, 754 (2d Cir. 1975), *cert. denied*, 423 U.S. 1062, 96 S.Ct. 803, 46 L.Ed.2d 655 (1976).

There was also probable cause to believe DeLeon was one of the perpetrators. Morales provided an accurate description of the highly distinctive automobile, and later identified it for the police. DeLeon also fit the general description of the men who entered his store. His action in locking the door also tended to implicate him. It developed that DeLeon was not one of those in Morales' store. However, the police officer's "mistake was understandable and the arrest a reasonable response to the situation facing [him] at the time." *Hill v. California*, 401 U.S. 797, 804, 91 S.Ct. 1106, 1111, 28 L.Ed.2d 484 (1971). Such a "good faith" mistake does not render the arrest unlawful.

Because the arrest was legal, the search incident to the arrest was valid and Judge MacMahon's denial of the motion to suppress the evidence was proper.

The judgment of conviction is affirmed.